888 F.2d 1392
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Patricia BORCH, Defendant-Appellant.
 No. 88-2287.
 United States Court of Appeals, Sixth Circuit.
 Nov. 8, 1989.
 
 Before NATHANIEL K. JONES and RALPH B. GUY, Jr., Circuit Judges, and WILLIAM O. BERTELSMAN, District Judge.*
 PER CURIAM.
 
 
 1
 Defendant-appellant, Patricia Borch appeals the district court's rulings in the trials of her co-defendants.
 
 I.
 
 2
 A federal grand jury in the Eastern District of Michigan indicted Patricia Borch, her son and her two daughters for conspiring to distribute both marijuana and cocaine in violation of 21 U.S.C. Sec. 741(a)(1). Her son and two daughters were also indicted for conspiracy. Borch was also indicted for ten counts of unlawful use of a telephone to facilitate a drug conspiracy in violation of 21 U.S.C. Sec. 843(b), and two firearms offenses.
 
 
 3
 On August 22, 1988, Borch filed a motion to suppress tape recorded conversations intercepted during the course of a court ordered wiretap of a telephone listed in her name. A hearing was held in the United States District Court for the Eastern District of Michigan, Judge James P. Churchill, presiding. On September 2, 1988, the district court granted Borch's motion to suppress the phone conversations.
 
 
 4
 On September 22, 1988, Borch entered a guilty plea to count one of the indictment, conspiracy to distribute marijuana and cocaine, pursuant to a plea agreement with the United States. The plea agreement provided that Borch would be sentenced at the lower limit of the applicable sentencing guideline range for count one, and that the remaining counts would be dismissed. On December 15, 1988, Borch was sentenced to 108 months imprisonment and three years of supervised release in accordance with the plea agreement.
 
 II.
 
 5
 Borch appeals the admission of evidence against her son, who although a codefendant, was tried separately. She also appeals the sentences of her son and two daughters because she feels they are unduly harsh. She does not appeal the length of her own sentence, nor does she wish to withdraw her guilty plea. Federal courts may act only to adjudicate the rights of litigants in actual controversies. Baker v. Carr, 369 U.S. 186, 82 S.Ct. 691 (1962). A litigant has standing to raise an issue only when he has a personal adversary interest in the outcome. 1 La Fave and Israel, Criminal Procedure Sec. 9.1 at 714 (1984). Borch's attorney concedes that she does not have standing to appeal on these issues. He states:
 
 
 6
 appellant's attorney has reviewed the transcripts and records in this case, and can understand her feelings as a mother, [but] does not see how she was legally prejudiced in this case.
 
 
 7
 Appellant's Brief at 1. It is clear that Borch does not have standing to raise these issues, because she has no personal adversary interest in the outcome. She does not allege any special circumstance or issue of her children's competence which would make this appeal appropriate.
 
 III.
 
 8
 For the reasons stated above, the judgment of the district court is AFFIRMED.
 
 
 
 *
 Honorable William O. Bertelsman, United States District Judge for the Eastern District of Kentucky, sitting by designation